[S.F. No. 24140. July 10, 1980.]

HITCHCOCK TRANSPORTATION COMPANY et al.,
Plaintiffs and Appellants, v.
INDUSTRIAL WELFARE COMMISSION et al.,
Defendants and Appellants;
UNITED AIR LINES, INC., et al., Interveners and Appellants.

THEATRE PROPERTIES, INC., et al., Plaintiffs and Appellants, v.
INDUSTRIAL WELFARE COMMISSION et al.,
Defendants and Appellants;
SIERRA SKI AREAS ASSOCIATION, Intervener and Appellant.

**COUNSEL**

Jan L. Kahn, Kahn & Soares, Richard W. Smith, Robert F. Millman, Lloyd W. Aubry, Littler, Mendelson, Fastiff & Tichy, Richard M. Mosk, Mitchell, Silberberg & Knupp, Jean C. Gaskill, James L.

Meeder and Brobeck, Phleger & Harrison for Plaintiffs and Appellants and for Interveners and Appellants.

George Deukmejian, Attorney General, John M. Morrison and Carol Hunter, Deputy Attorneys General, for Defendants and Appellants.

Van Bourg, Allen, Weinberg & Roger, Victor Van Bourg, Michael B. Roger and Stefanie Arthur as Amici Curiae on behalf of Defendants and Appellants.

## OPINION

**TOBRINER, Acting C. J.**—In October 1976, a few days before the 1976 wage orders promulgated by the Industrial Welfare Commission (IWC or commission) were scheduled to go into effect, several employer organizations and individual employers (employers) in the transportation and amusement and recreation industries instituted these two mandate actions in the Kings County Superior Court, challenging the validity of orders 9-76 (transportation industry) and 10-76 (amusement and recreation industry). The superior court stayed the challenged wage orders pending the resolution of the actions, consolidated the cases for trial and ultimately concluded that the wage orders were invalid on numerous grounds. The IWC appealed from the judgments in favor of the employers.[1]

While this case was pending on appeal, we rendered our decision in *California Hotel & Motel Assn.* v. *Industrial Welfare Com.* (1979) 25 Cal.3d 200 [157 Cal.Rptr. 840, 599 P.2d 31]. We concluded that the IWC had misinterpreted Labor Code section 1177's requirement relating to the preparation of a statement as to the basis of its orders when it promulgated order 5-76, a separate 1976 wage order covering the public housekeeping industry.

As the IWC acknowledges, orders 9-76 and 10-76, like order 5-76 before us in *California Hotel & Motel Assn.*, contain no explicit provision designated as a statement as to basis. The "To Whom It May

---

[1]The employers filed a protective cross-appeal, contesting the trial court's rulings in favor of the IWC on a number of issues. In light of our conclusion that the judgments invalidating the wage orders should be affirmed, we need not address the issues raised by the employers' cross-appeal.

Concern" paragraph of orders 9-76 and 10-76 are in all relevant respects identical to the similarly entitled paragraph in order 5-76. (See 25 Cal.3d at pp. 209-210 & fn. 19.) In light of the *California Hotel & Motel Assn.* decision, the trial court judgment in this case—invalidating orders 9-76 and 10-76—must be affirmed since the statements as to basis are inadequate. In view of this conclusion, we need not address the remainder of the trial court's conclusions, although we do note that many of those conclusions are contrary to the determinations we have reached this day in *Industrial Welfare Com.* v. *Superior Court, ante,* page 690 [166 Cal.Rptr. 331, 613 P.2d 579].

■  Although the IWC virtually concedes the invalidity of the orders in question under *California Hotel & Motel Assn.,* the commission asks this court to remand this case to the IWC for further proceedings rather than simply to affirm the judgments in favor of the employers. The IWC relies upon the fact that in the *California Hotel & Motel Assn.* case itself, we remanded the matter to the commission to permit it to prepare an adequate statement as to basis. (See 25 Cal.3d at p. 216.)

There are several significant distinctions between *California Hotel & Motel Assn.* and this case, however, that lead us to conclude that a remand would not be appropriate at this time. First, unlike the situation in *California Hotel & Motel Assn.,* the 1976 orders at issue here have already been superseded by new wage orders 9-80 and 10-80. Thus, even if the commission were to adopt an adequate statement as to basis supported by the 1976 administrative record, the 1976 orders would have no prospective effect.

Second, unlike the order involved in *California Hotel & Motel Assn.* which became effective and remained operative throughout the entire period of that litigation, the orders in this case have been stayed from the inception of these actions and have never been enforced. The commission suggests that if this court were to remand this case and give it an opportunity to draft an adequate statement as to basis it could then proceed to "prosecute" employers who had "violated" the terms of the wage orders during the period in which the judicial stay orders were in effect. We think, however, that any such criminal prosecution at this point would clearly be incompatible with the fundamental purpose of the stay orders. (See, e.g., *McKay Jewelers, Inc.* v. *Bowron* (1942) 19 Cal.2d 595, 599 [122 P.2d 543, 139 A.L.R. 1188].)

It is true, of course, if the validity of the challenged wage orders had been upheld, the employers could have been required to compensate employees for the benefits the employees had been deprived of during the pendency of the stay. As we have seen, however, the stayed orders in this case have been found invalid. Moreover, although the commission urges this court to afford it an opportunity to attempt to devise a mechanism to restore "lost" minimum wage and overtime benefits to employees, the commission has not provided the court with any specific information by which we might realistically gauge the magnitude of the problem, or the extent of the burdens that would be imposed upon employers in seeking to provide an economic remedy at this late date. (Cf. *California Assn. of Nursing Homes etc. v. Williams* (1970) 4 Cal.App. 3d 800, 816-820 [84 Cal.Rptr. 590, 85 Cal.Rptr. 735].)

For all of the foregoing reasons, we conclude that the trial court judgments should simply be affirmed.

The judgments are affirmed. Each party shall bear its own costs on appeal.

Clark, J., Richardson, J., Manuel, J., Taylor, J.,* and Racanelli, J.,* concurred.

**NEWMAN, J.**—I dissent. Four members of this court did not participate in *California Hotel & Motel Assn. v. Industrial Welfare Com.* (1979) 25 Cal.3d 200 [157 Cal.Rptr. 840, 599 P.2d 31]. Yet apparently they conclude either that the case binds them or that it was correctly decided.

Dissenting in that case, I argued *inter alia* that the alleged error was not prejudicial to the complaining employers. (25 Cal.3d at p. 217.) That also is true here, I believe. The majority in *California Hotel & Motel* held, however, that the employees should not be prejudiced. (See *id.*, at p. 216.) In this case, unfortunately, the employees are seriously prejudiced by the judicially pronounced rule that in my view still is unsupportable.

---

*Assigned by the Chairperson of the Judicial Council.